UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-cv-218

| | |
|---|---|
| **EDIE BROOME CARROLL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **NANCY A. BERRYHILL, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 10) and Commissioner's Motion for Summary Judgment (Doc. No. 12). Having carefully considered the motions and reviewed the record, the court enters the following findings, conclusions, and Order.

**I. Administrative History**

Plaintiff Edie Broome Carroll ("Carroll" or "Plaintiff") filed her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") on September 12, 2012, alleging a disability onset date of June 1, 2005. After Plaintiff's claim was denied both initially and on reconsideration, she requested and was granted a hearing. Before the hearing, Plaintiff amended her alleged onset date to October 11, 2010. Administrative Law Judge Clinton C. Hicks ("the ALJ") held a hearing on May 17, 2015. On May 25, 2015, the ALJ issued a partially favorable decision, finding her disabled beginning on August 12, 2013. Accordingly, the ALJ found that she was entitled to SSI from that date, but he denied her application for DIB because she was not disabled through December 31, 2011, the date last insured.

1

The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

## II. Factual Background

In his decision, the ALJ at the first step determined that Plaintiff did not engage in substantial gainful activity since her alleged onset date. (Tr. 23). At the second step, the ALJ concluded that Plaintiff has the following severe impairments: spinal stenosis, depression, bipolar disorder, and dyssomnia. (*Id.*). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 25).

After a consideration of the entire record, the ALJ then found that Plaintiff has the following residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). She has the ability to sit for 45 minutes at a time and stand for two hours at a time, alternating between sitting and standing throughout the workday. She can frequently handle or finger bilaterally. She requires the use of a cane to ambulate but the cane is not needed in the performance of her work duties. She is limited to simple, routine repetitive tasks and can occasionally interact with the public.

(Tr. 26). Based on these limitations, the ALJ found in the fourth step that Plaintiff has not been capable of performing her past relevant work since the alleged onset date. (Tr. 32). Finally, at the fifth step, the ALJ concluded that prior to August 12, 2013, when Plaintiff's age category changed to "an individual closely approaching advanced age" there were other jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 32–33). Accordingly, the ALJ found that Plaintiff was not disabled under the Act prior to August 12, 2013, but that Plaintiff has been disabled under the Act since August 12, 2013. (Tr. 34).

2

### III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

### IV. Discussion

On appeal, Plaintiff asserts that remand is warranted, alleging three errors by the ALJ: (1) that the ALJ failed to properly account for Plaintiff's moderate limitations in concentration, persistence, and pace; (2) that the ALJ improperly evaluated the medical opinions of Dr. Todd and Dr. Biondi; and (3) that the ALJ failed to address Plaintiff's ability to stay on task for a full workday.

Plaintiff first argues that the ALJ did not properly account for her moderate limitations in concentration, persistence, and pace, as required by *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). The Court agrees and reverses and remands on this basis.

The Fourth Circuit in *Mascio* held that "[a]n ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). If a moderate limitation in concentration, persistence,

and pace does not actually translate into a limitation in a claimant's ability to work, the ALJ may limit the claimant to merely simple, routine tasks or unskilled work, but must explain why a further limitation is not needed. *Id.* But if the limitation does impact the claimant's ability to work, then the ALJ must go further and include a limitation that reflects the claimant's "ability to stay on task." *Id.*; *see also Grant v. Colvin*, No. 1:15CV00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016) ("[W]hen an ALJ finds moderate limitation in CPP, the ALJ must <u>either</u> adopt a restriction that addresses the 'staying on task' aspect of CPP-related deficits . . . <u>or</u> explain why the CPP limitation of that particular claimant did not necessitate a further restriction regarding 'staying on task.'").

Here, the ALJ in step three found that Plaintiff had "moderate difficulties in maintaining concentration, persistence or pace." (Tr. 25). However, in his RFC determination, the ALJ only limited Plaintiff to "simple, routine repetitive tasks" and occasional interaction with the public. (Tr. 26). This is clearly insufficient to address a moderate limitation in concentration, persistence and pace as it does not address Plaintiff's pace—her ability to stay on task. *See Mascio*, 780 F.3d at 638.

The Commissioner argues, however, that the ALJ adequately explained why Plaintiff's moderate limitation does not translate into a limitation in her RFC. However, the Commissioner is only able to point to portions of the ALJ's decision where he summarizes portions of the medical record discussing Plaintiff's limitations in concentration. (Tr. 26, 30). The Commissioner then argues that the ALJ found Plaintiff's attention, concentration, and memory to be within normal limits but nonetheless decided to give her "the benefit of the doubt" by limiting her to simple, routine repetitive tasks. (Def.'s Mem., 6).

4

The Commissioner does not cite any legal authority supporting its "benefit of the doubt" hypothesis, nor has the Court found any. At best, the ALJ's statement that Plaintiff's "attention, concentration and memory" are "within normal limits" addresses why no additional limitation is needed in Plaintiff's RFC with respect to concentration, but neglects to explain the impact of her moderate limitations in persistence and pace. At worst, this statement outright contradicts the ALJ's earlier finding of a moderate limitation in concentration, persistence or pace. Either way, the lack of further explanation for how Plaintiff's moderate limitations impact her ability to work is in error.

Further, the ALJ's failure to provide a sufficient explanation is not harmless error, as the Commissioner contends. A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence. *Mascio*, 780 F.3d at 636, 638. Thus, this matter must be remanded for further consideration.

## V. Conclusion

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of the proceedings, Plaintiff's motion and briefs, Commissioner's responsive pleadings, and Plaintiff's assignments of error. Because the ALJ did not properly assess Plaintiff's residual functional capacity, the case must be remanded. Although not addressed in this opinion, the ALJ should also review Plaintiff's other assignments of error.

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, partially denying the relief sought by Plaintiff, is **VACATED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **GRANTED**;

5

(3)  Commissioner's Motion for Summary Judgment (Doc. 12) is **DENIED**; and

(4)  the matter is hereby **REMANDED** for further consideration.

**SO ORDERED.**

Signed: April 23, 2018

Graham C. Mullen
United States District Judge